■ PETER R. BRINCKERHOFF et al., Respondents, v JAC HOLDING CORPORATION et al., Appellants, et al., Defendant. [692 NYS2d 381] —Order, Supreme Court, New York County (Barry Cozier, J.), entered October 2, 1998, which, inter alia, denied defendants' motion to dismiss the complaint as time-barred and for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs, minority shareholders of Hoover Group, Inc., a Delaware corporation, commenced a derivative action on behalf of the corporation against its directors, alleging breach of fidu-

ciary duty and corporate waste in connection with the corporation's sale of its 41% stock interest in JAC Products, Inc. for what is alleged to be grossly inadequate consideration. We agree with the motion court that pursuant to New York's borrowing statute, CPLR 202, the applicable Statute of Limitations is that of Georgia, since that is where Hoover had its principal office and where Hoover's alleged monetary damages would be felt (see, Knieriemen v Bache Halsey Stuart Shields, 74 AD2d 290, 296, appeal dismissed 50 NY2d 1021, 1059; Prefabco, Inc. v Olin Corp., 71 AD2d 587; Federal Deposit Ins. Corp. v Cohen, 1996 US Dist LEXIS 2247, *9, 1996 WL 87248, 4 [SD NY, Feb. 29, 1996, Stanton, J.]). Under the applicable Georgia limitations period, plaintiffs' action was timely commenced.

Hoover's board of directors appointed a special committee to investigate and report on the challenged transaction. The motion court correctly found that plaintiffs had met their burden of raising a reasonable doubt as to the adequacy of the special committee's investigation because the committee was not advised by independent counsel, but rather by an attorney who had represented Hoover in connection with the challenged transaction (see, Stepak v Addison, 20 F3d 398, 405; In re PAR Pharm., Inc. Derivative Litig., 750 F Supp 641, 647). Moreover, the report of the special committee was a mere two pages in length with respect to the subject transaction, and failed to document the special committee's procedures, reasoning and conclusions, thus effectively insulating its investigation from scrutiny by the courts (see, In re PAR Pharm., Inc. Derivative Litig., 750 F Supp 641, supra). Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.