■ KAT HOUSE PRODUCTIONS, LLC, Doing Business as SURF CHICK, et al., Appellants, v PAUL, HASTINGS, JANOFSKY & WALKER, LLP, Respondent. [897 NYS2d 90]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 13, 2009, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

When a nonresident sues in New York's courts on a cause of action accruing outside the state, our "borrowing statute" (CPLR 202) requires that the cause of action be timely under the limitations periods of both New York and the jurisdiction where the claim arose (see Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]). Generally, a tort action accrues "at the time and in the place of the injury," and "[w]hen an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss" (id. at 529).

Applying these principles, it is clear that plaintiffs' legal mal-

practice claim accrued in California, where their residences and principal place of business were located and the alleged economic injury was sustained, at the latest, in March 2006. Under that state's applicable one-year statute of limitations (Cal Code Civ Pro § 340.6), this action, commenced in November 2007, was time-barred.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 30808(U).]**