◼ WINDSEARCH, INC., Respondent, v KENNETH P. DELAFRANGE, Appellant. [934 NYS2d 576]—

Kavanagh, J.

Plaintiff alleges that defendant, in 1997, opened a credit card account with the Maryland National Bank. In 2002, when payments due and owing on that account were not paid, it was closed and the debt represented by the balance owed on the account was later assigned to plaintiff. In October 2007, plaintiff commenced this action against defendant seeking to recover what was owed on the account. In response, defendant moved for summary judgment dismissing the complaint on the ground that he was the victim of identity theft and therefore not responsible for what was owed on the account. He also sought dismissal of the complaint based on his contention that insufficient evidence existed establishing that plaintiff had been legally assigned the debt, and the claim was barred by the applicable statute of limitations. Supreme Court denied defendant's motion. In March 2010, plaintiff moved for summary judgment and defendant again, in a cross motion, sought summary judgment dismissing the complaint. The court denied defendant's cross motion, granted plaintiff's motion, and entered judgment on plaintiff's behalf. Defendant now appeals.[1]

We reverse and conclude that plaintiff's claim must be dismissed because it is barred by the statute of limitations. When a nonresident sues on a claim that accrued outside of New York, the cause of action must be commenced within the time period provided by New York's statute of limitations, as well as the statute of limitations in effect in the jurisdiction where the cause of action in fact accrued (see CPLR 202; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]). Here,

---

1. To the extent that plaintiff contends that defendant cannot now raise the statute of limitations because that issue was decided in the prior order from which defendant did not appeal, an appeal from the final judgment brings up for appellate review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]; see Madden v Dake, 30 AD3d 932, 935 n 2 [2006]).

plaintiff's claim actually accrued in Delaware, because that is where the creditor on the account resided when it "sustain[ed] the economic impact of the loss" represented by what was owed on the account (*Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010] [internal quotation marks and citation omitted]). While plaintiff—a New York corporation—claims to be an assignee of that legal obligation, the account was owned by a Delaware corporation when it was closed in November 2002—and the debt owed on it legally accrued.[2] Since the assignee of such a debt "is not entitled to stand in a better position than that of its assignor" (*Portfolio Recovery Assoc., LLC v King*, 14 NY3d at 416), Delaware's three-year statute of limitations governs this action (*see* Del Code Ann, tit 10, § 8106). This action was commenced in 2007, or five years after the claim accrued, and, therefore, it is barred by the Delaware statute of limitations and must be dismissed.

We do not agree with plaintiff that the holding in *Portfolio* represents a new rule of law that must be applied prospectively and, in that regard, note the Court of Appeals' admonition that "care must be taken to assure that [the concept of a 'new rule'] remains a relatively narrow one, lest the exception swallow up what has always been considered the normal rule in legal methodology—i.e., that cases should be decided on the basis of the law as it exists at the time of decision" (*People v Favor*, 82 NY2d 254, 263 [1993]; *see Geloso v Monster*, 289 AD2d 746, 749 [2001], *lv denied* 98 NY2d 601 [2002]).

Spain, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, plaintiff's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.

---

**2.** The statements on the credit card accounts listed PNC—MBNA America as the creditor and its address as Wilmington, Delaware.