■ LINDA MERRITT, Appellant, v MICHAEL V. BLUMENTHAL, Respondent, et al., Defendants. [934 NYS2d 308]—

The motion court correctly applied CPLR 202, New York's "borrowing statute," in finding that plaintiff's claims of transactional malpractice are untimely under the governing two-year Pennsylvania statute of limitations (see 42 Pa Cons Stat § 5524 [3]). Plaintiff never argued before the motion court, as she does now on appeal, that the Florida statute of limitations should apply to her malpractice claims, or that those claims sound in contract, rather than tort (see 42 Pa Cons Stat § 5525), and we decline to consider those arguments raised here for the first time (see Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 570 n 1 [1993]; Kohn v City of New York, 69 AD3d 463, 463-464 [2010]).

The motion court likewise correctly found plaintiff's claim under Judiciary Law § 487 to be untimely under Pennsylvania's two-year statute of limitations (see 42 Pa Cons Stat § 5524). Plaintiff has failed to preserve her argument that only New York's statute of limitations—presumably three years (see CPLR 214 [2]; Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009])—may be applied, because neither Delaware nor Florida nor Pennsylvania, the states to which plaintiff claims some connection, has an analogous statute. In any event, this argument lacks merit. Application of the borrowing statute does not turn on whether suit would be possible in the foreign plaintiff's home state; instead the statute merely seeks to apply the limitations period that would apply if the action could be brought there (see Insurance Co. of N. Am. v ABB Power Generation, 91 NY2d 180, 186-187 [1997]). Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.