■ ALL CHILDREN'S HOSPITAL, INC., Appellant, v CITIGROUP GLOBAL MARKETS, INC., Respondent. [59 NYS3d 7]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about August 25, 2016, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

The motion court was correct in utilizing New York's borrowing statute, CPLR 202, and applying Florida's shorter statute of limitations to plaintiff's claims, despite the contractual choice-of-law provision pointing to New York law (see 2138747 Ontario, Inc. v Samsung C&T Corp., 144 AD3d 122, 126 [1st Dept 2016]).

Defendant sustained its initial burden of demonstrating prima facie that there was sufficient material available in the public record, including numerous newspaper articles and well-publicized regulatory actions, to inform plaintiff of the possibility of defendant's alleged fraud by 2008, at the latest, thus making plaintiff's claims time-barred under Florida's applicable four-year statute of limitations (see Fla Stat §§ 95.11 [3] [j], [p]; 95.031 [1], [2] [a]). The affidavit of plaintiff's chief financial officer was insufficient to raise a triable issue of fact because it was vague and failed to address why the extensive press coverage of the manipulation of the ARS market did not come to plaintiff's attention by 2008. Under Florida law, issues concerning when fraud was reasonably discoverable with due diligence may be determined as a matter of law because the standard is objective (see First Fed. Sav. & Loan Assn. of Wis. v Dade Fed. Sav. & Loan Assn., 403 So 2d 1097, 1100 [Fla Dist Ct App 1981]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.