■ CENTRE LANE PARTNERS, LLC, et al., Appellants, v SKAD-DEN, ARPS, SLATE, MEAGHER & FLOM LLP, et al., Respondents. [62 NYS3d 341]—

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 28, 2016, dismissing the complaint pursuant to an order, same court and Justice, entered October 26, 2016, which granted defendants' motion to dismiss the action as time-barred, unanimously affirmed, with costs.

In this legal malpractice action, plaintiffs, who are investors in companies that filed for bankruptcy on December 31, 2013, were authorized by the bankruptcy court to sue derivatively on behalf of the bankrupt companies (debtors) as against attorney defendants for alleged conflicted representation provided to the debtors in two transactions where asset transfers allegedly personally benefitted the debtors' principal and controlling shareholder to the debtors' financial detriment.

Where the alleged injury is economic in nature, the cause of action is generally deemed to accrue in the state "where the plaintiff resides and sustains the economic impact of the loss" (*Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 529 [1999]; *see Kat House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP*, 71 AD3d 580 [1st Dept 2010]). Here, the debtors' principal places of business are in Oregon, and their financial losses were allegedly incurred in that state. Contrary to plaintiffs' claim, the motion court's application of Oregon's two-year statute of limitations via New York's borrowing statute (CPLR 202) in light of, inter alia, the situs of debtors' Oregon-based businesses, the legal relationships existing between plaintiffs, debtors and defendants, and the nature of the instant action, was proper and the result would not be "absurd," notwithstanding defendants' place of business being located in New York (*Insurance Co. of N. Am. v ABB Power Generation*, 91 NY2d 180, 186 [1997]; *see 2138747 Ontario, Inc. v Samsung C&T Corp.*, 144 AD3d 122 [1st Dept 2016]).

The two challenged asset transfers were completed in April 2013 and May 2013 whereas plaintiffs' malpractice action was not commenced until March 31, 2016. Plaintiffs, as well as the debtors, were in a position to know of the alleged adverse impact of the asset transfers upon the debtors, as well as the alleged conflict in legal representation provided by defendants.

Plaintiffs were not only significant holders of unsecured debt in one of the primary debtors, but they were also the controlling shareholder in the company that purchased the largest of the two asset transfers in question. Moreover, the amended complaint alleged that the person who was the controlling principal of the debtor entities, and whose personal interests defendants had sought to promote in their handling of the debtor entities' legal affairs, had, in May 2013, strong-armed one of the debtors into purchasing assets that it did not want from another unrelated entity controlled by the individual, all for purposes of including those assets in one of the challenged asset-transfers. The amended complaint further alleged that for nearly 20 years defendants had represented the interests of the debtors and the debtors' controlling owner, and that in the two transactions in question, defendants represented parties with adverse interests.

Given such factual pleadings, the motion court properly rejected plaintiffs' argument that Oregon's discovery/tolling rule for legal malpractice claims rendered this malpractice action timely commenced. The court properly concluded that a reasonable person, knowing the facts that the debtors had available to them at the time of the two challenged transfers, should have been aware of a substantial possibility of defendants' conflicted representation, as well as the harm that such negligent representation had caused, and such knowledge could not have been gained later than when the debtors filed for Chapter 7 bankruptcy on December 31, 2013 (*see Kaseberg v Davis Wright Tremaine, LLP*, 351 Or 270, 277-278, 265 P3d 777, 781-782 [2011]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ. ▮