Soloway v Kane Kessler, PC (2019 NY Slip Op 00026)





Soloway v Kane Kessler, PC


2019 NY Slip Op 00026


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7981 159116/16

[*1]Stephen Soloway, Plaintiff-Appellant,
v
Kane Kessler, PC, et al., Defendants-Respondents, Ebert Lontok, LLC, et al., Defendants.


Russ & Russ P.C., Massapequa (Jay Edmond Russ of counsel), for appellant.
Furman Kornfeld & Brennan, LLP, New York (Rachel Aghassi of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 8, 2017, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Kane Kessler PC and Darren S. Berger to dismiss the complaint as against them, unanimously affirmed.
The court correctly found the complaint time-barred under CPLR 202, New York's "borrowing statute," which requires a claim to be timely under both the New York limitations period and that of the jurisdiction where the claim is alleged to have arisen (Kat House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP, 71 AD3d 580 [1st Dept 2010]).
Plaintiff, a New Jersey resident, alleged legal malpractice in connection with defendants' representation of him for numerous real estate transactions, a cause of action which has a three year statute of limitations in New York (CPLR 214[6]), and a six year limitations period in New Jersey (NJ Stat Ann 2A:14-1). The latest that the alleged malpractice could have occurred was February 7, 2013, the date set for closing on the last of the real estate matters. Because plaintiff commenced the action on October 28, 2016, more than three years later, it was correctly dismissed as untimely.
We have considered plaintiff's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK