Andes Petroleum Ecuador Ltd. v Occidental Petroleum Co. (2023 NY Slip Op 00481)

Andes Petroleum Ecuador Ltd. v Occidental Petroleum Co.

2023 NY Slip Op 00481

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 655072/21 Appeal No. 17242 Case No. 2022-02965 

[*1]Andes Petroleum Ecuador Ltd., Plaintiff-Respondent,
v
Occidental Petroleum Company, Defendant-Appellant.

Kobre & Kim LLP, New York (Zachary D. Rosenbaum of counsel), for appellant.
Herbert Smith Freehills New York LLP, New York (Steven Jacobs of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 2, 2022, which, to the extent appealed from, denied defendant Occidental Petroleum Company's motion to dismiss the complaint, unanimously reversed, on the law, with costs, the denial of the motion vacated, and the matter remanded for further proceedings on the motion.
The motion court incorrectly determined that plaintiff's causes of action for fraudulent conveyance (Debtor and Creditor Law §§ 273-276) were timely. Under CPLR 202, New York's "borrowing statute," where a nonresident plaintiff sues on causes of action that accrued outside of New York, the claims must be timely under the limitations period of both New York and the jurisdiction where the action accrued (Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 47 [1st Dept 2021]). In effect, the shorter of the two states' statutes of limitations controls the timeliness of the action (id.).
Thus, where, as here, the claims are timely under New York law, the issue turns on whether the claims would have been timely filed if they could have been brought under the laws of the foreign state, in this case, Ecuador. This requires a determination as to which foreign causes of action and related limitations period would apply had the claims been brought in the foreign jurisdiction. If the foreign state does not have causes of action directly analogous to the New York causes of action, the limitations period of the foreign causes of action that are most closely analogous to the New York claims are to be applied (see Merritt v Blumenthal, 90 AD3d 514, 514 [1st Dept 2011] [noting in dicta that the "[a]pplication of the borrowing statute does not turn on whether suit would be possible in the foreign plaintiff's home state; instead the statute merely seeks to apply the limitations period that would apply if the action could be brought there"], lv denied 19 NY3d 806 [2012], cert denied 569 US 906 [2013]; see also Wultz v Bank of China, Ltd., 306 FRD 112, 115 [SD NY 2013] [finding that where the substance of a non-New York claim does not clearly correspond to the substance of any claim under New York law, "the Court must apply the statute of limitations that applies to the 'most . . . analogous' cause of action"]; Scholes v American Kennel Club, Inc., 1999 WL 799532, *5 [SD NY Oct. 7, 1999, No. 98-CV-6538 (LBS)]).
In performing the foregoing analysis, the motion court found applicable Ecuador's default statute, which has a 10-year statute of limitations, and thereby found plaintiff's claims timely filed, despite the expert testimony establishing that Ecuador's default statute is not directly applicable to plaintiff's fraudulent conveyance claims and not the Ecuadorian cause of action most closely analogous to the New York causes of action. We vacate the denial of the motion to dismiss and remand the matter to the motion court for consideration of the expert evidence provided by each side concerning what Ecuadorian causes of action [*2]are most closely analogous to the New York causes of action. Until that is determined, and it is established that plaintiff has timely asserted any claims, it is unclear whether there is any conflict of law issue that needs to be resolved, and we decline to address that issue at this time.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023