Erdely v Estate of Airday (2023 NY Slip Op 01827)

Erdely v Estate of Airday

2023 NY Slip Op 01827

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

535119
[*1]Robert Erdely, as Personal Representative of the Estate of Aranka Erdely Rosenthal, Respondent,
v
Estate of George Airday et al., Appellants, et al., Defendants.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Law Office of Nathaniel B. Smith, New York City (Nathaniel B. Smith of counsel), for appellants.
Alonso, Andalkar & Facher, PC, New York City (Mark J. Alonso of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered March 7, 2022 in Ulster County, which denied certain defendants' motion to dismiss the complaint.
In December 2004, George Airday (hereinafter Airday), a resident of New York, and plaintiff — Airday's brother — were given a joint power of attorney from their mother, Aranka Erdely Rosenthal, a resident of Florida, until 2006, at which time Rosenthal limited the power of attorney to Airday. In December 2014, Airday filed two petitions in the 17th Judicial Circuit Court of Florida (hereinafter the Florida court), one to determine Rosenthal's incapacity and the other to be appointed as Rosenthal's plenary guardian. As part of those proceedings, the Florida court instructed both Airday and plaintiff to submit an accounting of their use of Rosenthal's funds while serving as her fiduciary. Although plaintiff eventually provided the required accounting, Airday did not; this led the Florida court to find Airday in contempt and impose certain fines on him, which were later reduced to two separate money judgments in March and May 2016 (hereinafter the Florida judgments). The Florida judgments were registered and docketed in Nassau County on July 12, 2017. Meanwhile, on April 6, 2015, Airday, in his own capacity and as trustee of defendant George Airday City Marshal Profit Sharing Plan (hereinafter the Plan), along with his wife, defendant Wendy Airday (hereinafter the wife), executed a deed which directed that certain real estate then owned by the Airdays be transferred, consolidated and combined with the Plan's neighboring real estate. The deed was recorded on April 13, 2015.
Rosenthal passed away in March 2021 and her estate became the creditor for the Florida judgments. Thereafter, on August 24, 2021, plaintiff commenced this action as the personal representative of Rosenthal's estate alleging that Airday, the wife and the Plan transferred the real estate with the intent to defraud, hinder and delay creditors, as the transfer rendered Airday and, thus, his estate, insolvent and unable to satisfy the Florida judgments.[FN1] Airday's estate, the wife and the Plan (hereinafter collectively referred to as defendants) moved to dismiss the complaint alleging, among other things, improper service on them, failure to state a cause of action and untimely filing of the action (see CPLR 3211 [a] [5], [7], [8]). Supreme Court denied the motion in its entirety, and defendants appeal.
We reverse. Although defendants raise various grounds seeking dismissal of the complaint, the dispositive inquiry turns on whether the action was timely commenced. In this regard, the parties dispute the applicability of CPLR 202, New York's "borrowing" statute, which, in sum and substance, provides that "[w]hen a nonresident sues on a claim that accrued outside of New York, the cause of action must be commenced within the time period provided by New York's statute of limitations, as well as the statute of limitations [*2]in effect in the jurisdiction where the cause of action in fact accrued" (Windsearch, Inc. v Delafrange, 90 AD3d 1223, 1223 [3d Dept 2011]; see CPLR 202; Norex Petroleum Ltd. v Blavatnik, 23 NY3d 665, 668 [2014]). "[A] cause of action accrues at the time and in the place of the injury . . . in tort cases involving the interpretation of CPLR 202" (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 529 [1999]; see S.H. v Diocese of Brooklyn, 205 AD3d 180, 191 [2d Dept 2022]). Relevant here, "[w]hen an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss" (Global Fin. Corp. v Triarc Corp., 93 NY2d at 529; see Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010]; Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 207 [1995], cert denied 516 US 811 [1995]).
While plaintiff asks that we draw a distinction between tort and contract matters as it pertains to the principle that locates his economic harm — and thus accrual of his various causes of action — in his state of residence, we find little support for that premise. Although the tortious act may have occurred when the property was transferred in this state, that does not establish that the accompanying injury to plaintiff was also felt in this state or that the cause of action accrued here (see Myers v Dunlop Tire & Rubber Corp., 40 AD2d 599, 599 [1st Dept 1972]; see also Sack v Low, 478 F2d 360, 366 [2d Cir 1973]). Rather, the application of CPLR 202 in tort matters based upon economic injury suffered in a foreign state finds consistent support (see Norex Petroleum Ltd. v Blavatnik, 23 NY3d at 671; Centre Lane Partners, LLC v Skadden, Arps, Slate, Meagher & Flom LLP, 154 AD3d 525, 525 [1st Dept 2017], lv denied 30 NY3d 912 [2018]; Kat House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP, 71 AD3d 580, 580 [1st Dept 2010]; Brinckerhoff v JAC Holding Corp., 263 AD2d 352, 353 [1st Dept 1999]; see also Loreley Fin. [Jersey] No. 28, Ltd. v Merrill Lynch, Pierce, Fenner & Smith Inc., 117 AD3d 463, 465 [1st Dept 2014]), including in matters predicated on the same causes of action asserted by plaintiff here (see Andes Petroleum Ecuador Ltd. v Occidental Petroleum Co., 213 AD3d 403, 403 [1st Dept 2023]). As plaintiff does not contend that his injury was anything other than purely economic in nature (see Interventure 77 Hudson LLC v Falcon Real Estate Inv. Co., LP, 172 AD3d 481, 481 [1st Dept 2019]; Windsearch, Inc. v Delafrange, 90 AD3d at 1224; compare Matter of McLaughlin, 78 AD3d 1304, 1306 [3d Dept 2010]), we find that CPLR 202 is applicable.
Turning to the date of accrual, Florida's statute of repose specific to fraudulent transfers provides that "[a] cause of action with respect to a fraudulent transfer or obligation . . . is extinguished unless [the] action is brought . . . within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer [*3]or obligation was or could reasonably have been discovered by the claimant" (Fla Stat § 726.110 [1]).[FN2] To this end, Florida Statutes § 726.110 (1) provides that the four-year period to commence an action began running on the date of the transfer in April 2015, which would clearly render plaintiff's action untimely (see National Auto Serv. Ctrs., Inc. v F/R 550, LLC, 192 So 3d 498, 510 [Fla Dist Ct App 2016]; Desak v Vanlandingham, 98 So 3d 710, 712 [Fla Dist Ct App 2012]). Further, plaintiff cannot rely on the one-year savings clause contained in Florida Statutes § 726.110 (1), as he effectively concedes that he incurred the obligation to investigate Airday's assets as a judgment debtor in July 2017 when the Florida judgments were registered and docketed in Nassau County, which represents the point in time at which the transfer could reasonably have been discovered (see Desak v Vanlandingham, 98 So 3d at 714; see generally Wiand v Morgan, 919 F Supp 2d 1342, 1370 [MD Fla 2013]).[FN3] Accordingly, we find that the action is untimely and must be dismissed. In light of our determination, the parties' remaining contentions are rendered academic.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.

Footnotes

Footnote 1: Airday passed away in June 2021 and is represented in this action through defendant Estate of George Airday.

Footnote 2: This distinction between a statute of repose and a statute of limitations is immaterial, as both are applicable under CPLR 202, which "embraces all the laws that serve to limit the time within which an action may be brought" (Ledwith v Sears, Roebuck & Co., 231 AD2d 17, 23-24 [1st Dept 1997]). Said differently, "[t]he question is not simply how long is the foreign statute of limitations, but rather, is the action barred by the law of the foreign state" (Knieriemen v Bache Halsey Stuart Shields, 74 AD2d 290, 296 [1st Dept 1980] [internal quotation marks and citations omitted], appeal dismissed 50 NY2d 1021 [1980], 50 NY2d 1059 [1980], 51 NY2d 970 [1980]).

Footnote 3: To the extent that plaintiff's brief implies that this period should run from the date that he conducted a title search, we note that when plaintiff undertook that inquiry the transfer was quickly revealed, and plaintiff does not allege concealment of that fact. Accordingly, the suggestion that the transfer could not have been reasonably discovered prior to that point is at odds with the manner in which the transfer was in fact discovered.