[877 NE2d 649, 846 NYS2d 599]

GML, INC., et al., Appellants, v CINQUE & CINQUE, P.C., et al., Respondents.

Decided October 23, 2007

### APPEARANCES OF COUNSEL

*Samuel E. Kramer*, New York City, for appellants.

*Cinque & Cinque, P.C.*, New York City (*James P. Cinque* of counsel), respondents pro se.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question not answered on the ground that it is unnecessary.

Tennessee plaintiffs commenced this legal malpractice action against New York defendants, in which they assert that the Tennessee statute of limitations applies (*see* CPLR 202). Invoking Tennessee law, plaintiffs further assert that their claim should be tolled because of defendants' absence from Tennessee. Defendants moved for summary judgment arguing that the matter was untimely. Supreme Court granted defendants' motion, which the Appellate Division unanimously affirmed, opining that "[t]he tolling provision in the Tennessee statute was

not available to plaintiffs, . . . even where, as plaintiffs claim herein, defendants have not developed sufficient contacts with the foreign state for its courts to be capable of asserting personal jurisdiction over them" (35 AD3d 195 [2006], citing *Insurance Co. of N. Am. v ABB Power Generation*, 91 NY2d 180 [1997]). Plaintiffs contend that since defendants were not subject to in personam jurisdiction in Tennessee, plaintiffs should be able to utilize Tennessee's tolling provision.

In *ABB Power*, the issue was whether the Second Circuit correctly held in *Stafford v International Harvester Co.* (668 F2d 142, 153 [1981]) "that a cause of action cannot accrue for purposes of [CPLR 202] in a state which could not exercise jurisdiction over the cause of action." We held that the plain and literal meaning of a cause of action accruing without the state means when the cause of action comes into existence, not that a defendant is subject to suit in that other state (*see ABB Power* at 186). We further held that "CPLR 202 requires that a court, when presented with a cause of action accruing outside New York, should apply the limitation period of the foreign jurisdiction if it bars the claim" (*ABB Power* at 187). Furthermore, when "borrowing the [foreign jurisdiction's] Statute of Limitations, its tolling statute is also borrowed" (*Childs v Brandon*, 60 NY2d 927, 929 [1983]), as the purpose of a tolling statute is to allow a plaintiff additional time to serve a defendant where defendant's absence from the jurisdiction has made service a practical impossibility.

This action was commenced in New York and, as such, it was not necessary to toll the statute of limitations since defendants—residents of New York—were amenable to suit in New York for the entire period of Tennessee's statute of limitations. It is irrelevant whether defendants are also subject to suit in Tennessee and unnecessary to determine whether defendants were subject to personal jurisdiction in Tennessee. A conclusion to the contrary would cause the statute of limitations to be tolled indefinitely against these defendants. We do not believe that the Legislature intended this result in enacting CPLR 202.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.