[927 NE2d 1059, 901 NYS2d 575]

PORTFOLIO RECOVERY ASSOCIATES, LLC, Respondent, v JARED KING, Appellant.

Argued March 23, 2010; decided April 29, 2010

## POINTS OF COUNSEL

*Jared King,* appellant pro se. I. Plaintiff lacks standing to sue. (*New York State Assn. of Nurse Anesthetists v Novello,* 301 AD2d 895; *Rockland Lease Funding Corp. v Waste Mgt. of N.Y.,* 245 AD2d 779; *People v Foster,* 27 NY2d 47; *Cornier v Spagna,* 101 AD2d 141; *Palmer v Hoffman,* 318 US 109; *Toll v State of New York,* 32 AD2d 47.) II. The statute of limitations bars suit. (*Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525; *In re Povill,*

105 F2d 157; *Curtiss-Wright Corp. v Intercontinent Corp.,* 277 App Div 13; *Pickett v Leonard,* 34 NY 175; *Brooklyn Bank v Barnaby,* 197 NY 210; *Hoover v Hubbard,* 202 NY 289; *Roth v Michelson,* 55 NY2d 278; *Education Resources Inst., Inc. v Piazza,* 17 AD3d 513.) III. There is a lack of factual basis to grant summary judgment. (*Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537; *Brill v City of New York,* 2 NY3d 648; *New York Tel. Co. v Telesystems Corp.,* 27 AD2d 866; *Gerard v Inglese,* 11 AD2d 381; *Colombini v Westchester County Healthcare Corp.,* 24 AD3d 712; *General Inv. Co. v Interborough R.T. Co.,* 235 NY 133.) IV. The trial court and Appellate Division decisions are unconstitutional and legally insufficient. (*Matter of Stork Rest. v Boland,* 282 NY 256; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Berenhaus v Ward,* 70 NY2d 436.)

*Wilson Elser Moskowitz Edelman & Dicker LLP,* White Plains (*Robert A. Spolzino* of counsel), and *Malen & Associates, PC,* Westbury (*Timothy J. Murtha* of counsel), for respondent. I. Respondent's action is not barred by the statute of limitations period. (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya,* 72 NY2d 1005; *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474; *Martin v Dierck Equip. Co.,* 43 NY2d 583; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669; *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman,* 52 NY2d 463; *Central Vermont R. Co. v White,* 238 US 507; *Education Resources Inst., Inc. v Piazza,* 17 AD3d 513.) II. Respondent provided a clear chain of title and has established standing. (*New York State Assn. of Nurse Anesthetists v Novello,* 301 AD2d 895; *Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219; *Johnson v Lutz,* 253 NY 124; *Chase Manhattan Bank [N.A.], Bank Americard Div. v Hobbs,* 94 Misc 2d 780; *Imbrie v Schlicht Combustion Process Co.,* 130 App Div 675; *Romano v St. Vincent's Med. Ctr. of Richmond,* 178 AD2d 467; *Tessier v New York City Health & Hosps. Corp.,* 177 AD2d 626.) III. The trial judge correctly granted summary judgment, where appellant admitted he defaulted on a revolving credit agreement and respondent provided sufficient evidence to award summary judgment. (*G.W. White & Son v Gosier,* 219 AD2d 866; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781; *Shea & Gould v Burr,* 194 AD2d 369; *Feder v Fortunoff, Inc.,* 123 Misc 2d 857; *Foley v Roche,* 68 AD2d 558; *Barclays Bank of N.Y. v Sokol,* 128 AD2d 492.) IV. The Supreme Court and Appellate Division decisions were legally sufficient. (*Kolmer-Marcus, Inc. v Winer,* 32

AD2d 763, 26 NY2d 795; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Lefcourt v Sea Crest Hotel & Motor Inn,* 54 Misc 2d 376; *Men's World Outlet v Steinberg,* 101 AD2d 854; *People v Lynch,* 195 Misc 2d 814; *Matter of Mayer v National Arts Club,* 192 AD2d 863.)

*Lincoln Square Legal Services, Inc.,* New York City (*Marcella Silverman* and *Elizabeth Maresca* of counsel), for CAMBA Legal Services, Inc., and others, amici curiae. The Third Department's failure to apply CPLR 202 to determine this action's timeliness is inconsistent with this Court's well-settled precedent. (*Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525; *GML, Inc. v Cinque & Cinque, P.C.,* 9 NY3d 949; *Martin v Dierck Equip. Co.,* 43 NY2d 583; *Education Resources Inst., Inc. v Piazza,* 17 AD3d 513; *Gorlin v Bond Richman & Co.,* 706 F Supp 236; *Brinckerhoff v JAC Holding Corp.,* 263 AD2d 352; *Insurance Co. of N. Am. v ABB Power Generation,* 91 NY2d 180; *TPZ Corp. v Dabbs,* 25 AD3d 787; *Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219; *JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373.)

*Janet Ray Kalson,* New York City, *Gina Calabrese, Carolyn E. Coffey, Anamaria Segura, Claudia Wilner* and *Marla Tepper, General Counsel, New York City Department of Consumer Affairs,* for Association of the Bar of the City of New York and another, amici curiae. I. Summary judgment in this case was improper because the lower courts failed to apply CPLR 202 in determining whether the statute of limitations had run. (*Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525; *TPZ Corp. v Dabbs,* 25 AD3d 787; *Insurance Co. of N. Am. v ABB Power Generation,* 91 NY2d 180; *GML, Inc. v Cinque & Cinque, P.C.,* 9 NY3d 949.) II. Even if the Court finds that CPLR 202 does not apply in this case, the Appellate Division erred in finding that plaintiff timely filed the instant action under New York's six-year statute of limitations. (*Green v Disbrow,* 79 NY 1; *Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169; *Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395; *Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219; *Lew Morris Demolition Co. v Board of Educ. of City of N.Y.,* 40 NY2d 516; *Education Resources Inst., Inc. v Piazza,* 17 AD3d 513; *Bank of New York—Del. v Santarelli,* 128 Misc 2d 1003; *Stewart v Stuart,* 262 AD2d 396; *Donahue-Halverson, Inc. v Wissing Constr. & Bldg. Servs. Corp.,* 95 AD2d 953.) III. Summary judgment was improper in this case because plaintiff failed to prove standing. (*Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219; *PRA III, LLC v Gonzalez,* 54 AD3d 917; *Rushmore Recoveries X, LLC v Skolnick,*

15 Misc 3d 1139[A], 2007 NY Slip Op 51041[U]; *Palisades Collection, LLC v Gonzalez,* 10 Misc 3d 1058[A], 2005 NY Slip Op 52015[U]; *MBNA Am. Bank, N.A. v Nelson,* 15 Misc 3d 1148[A], 2007 NY Slip Op 51200[U]; *TPZ Corp. v Dabbs,* 25 AD3d 787; *Copelco Capital v Packaging Plus Servs.,* 243 AD2d 534; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Vermette v Kenworth Truck Co.,* 68 NY2d 714; *JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373.)

*Michael J. Hutter,* Albany, pro se, amicus curiae. I. The choice of law clause contained in the parties' agreement specifying the agreement will be governed by Delaware law does not require the application of Delaware's statute of limitations to plaintiff's claims. (*Wyatt v Fulrath,* 16 NY2d 169; *Swift & Co. v Bankers Trust Co.,* 280 NY 135; *Koob v IDS Fin. Servs.,* 213 AD2d 26; *Welsbach Elec. Corp. v MasTec N. Am., Inc.,* 7 NY3d 624; *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369; *Cooney v Osgood Mach.,* 81 NY2d 66; *Loucks v Standard Oil Co. of N.Y.,* 224 NY 99; *Melcher v Apollo Med. Fund Mgt. L.L.C.,* 25 AD3d 482; *Education Resources Inst., Inc. v Piazza,* 17 AD3d 513; *Ground to Air Catering v Dobbs Intl. Servs.,* 285 AD2d 931.) II. CPLR 202 is applicable to this action to recover the balance due on a credit card, and its proper construction, as informed by this Court's decisions, requires the application of the pertinent Delaware statute of limitations. (*Sun Oil Co. v Wortman,* 486 US 717; *Canadian Northern R. Co. v Eggen,* 252 US 553; *Klotz v Angle,* 220 NY 347; *Martin v Dierck Equip. Co.,* 43 NY2d 583; *Miller v Brenham,* 68 NY 83; *Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525; *Ledwith v Sears, Roebuck & Co.,* 231 AD2d 17; *In re Gaston & Snow,* 243 F3d 599; *Antone v General Motors Corp., Buick Motor Div.,* 64 NY2d 20; *National Sur. Co. v Ruffin,* 242 NY 413.)

*Susan Ann Silverstein,* Washington, DC, *Julie Nepveu* and *Michael Schuster* for AARP and others, amici curiae. I. Relaxation of strict legal standards invites collection abuses. (*MBNA Am. Bank, N.A. v Nelson,* 15 Misc 3d 1148[A], 2007 NY Slip Op 51200[U]; *Smiley v Citibank [South Dakota], N. A.,* 517 US 735; *Securities & Exch. Commn. v Merchant Capital, LLC,* 483 F3d 747.) II. Collection of stale debt is fraught with problems. (*Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219.) III. Courts reject collection practices which violate basic principles of fairness and reliability. (*Citibank [S.D.], N.A. v Martin,* 11 Misc 3d 219; *McCollough v Johnson, Rodenberg & Lauinger,* 610 F Supp 2d 1247; *Joosten v Gale,* 129 AD2d 531; *PRS Assets v Rodriguez,*

12 Misc 3d 1172[A], 2006 NY Slip Op 51148[U]; *Levi v Oberlander,* 144 AD2d 546; *Garr v U.S. Healthcare, Inc.,* 22 F3d 1274; *DeVivo v Sparago,* 287 AD2d 535; *Nielsen v Dickerson,* 307 F3d 623; *West Val. Fire Dist. No. 1 v Village of Springville,* 294 AD2d 949; *Palisades Collection, LLC v Kedik,* 67 AD3d 1329.)

### OPINION OF THE COURT

PIGOTT, J.

In April 1989, defendant Jared King, then a resident of Connecticut, opened a credit card account with Greenwood Trust Company, a Delaware corporation with a principal place of business in Greenwood, Delaware. The agreement contained a standard choice of law clause stating that it would be governed by the laws of Delaware. Greenwood subsequently changed its name to Discover Bank.

It is undisputed that, on January 27, 1999, King sent a letter to Discover cancelling his credit card, which he had cut in half and enclosed with the letter. King demanded that Discover advise him on how to proceed in paying the card's outstanding balance, but concededly made no payment on the account after December 1998. In August 2000, Discover transferred to plaintiff Portfolio Recovery Associates, LLC, "all right, title and interest in and to" King's outstanding account.

On April 1, 2005, nearly five years after the assignment and more than six years after the account was canceled, Portfolio commenced this action against King, now a resident of New York, asserting causes of action for breach of contract and account stated. King asserts in his answer, among other things, that upon application of CPLR 202—this State's "borrowing statute"—Portfolio's claims are time-barred. Specifically, King claims that Delaware's three-year statute of limitations for breach of a credit contract (*see* Del Code Ann, tit 10, § 8106) applies and, alternatively, Portfolio's claims are untimely under this State's six-year breach of contract limitations period (*see* CPLR 213 [2]).

Portfolio obtained summary judgment on its complaint. Supreme Court directed that judgment be entered in Portfolio's favor and the Appellate Division affirmed (55 AD3d 1074 [2008]). We now reverse.

The Appellate Division properly concluded that the Delaware choice of law clause did not require the application of the Delaware three-year statute of limitations to bar Portfolio's

claims. Choice of law provisions typically apply to only substantive issues (*see Tanges v Heidelberg N. Am.*, 93 NY2d 48, 53 [1999]), and statutes of limitations are considered "procedural" because they are deemed " 'as pertaining to the remedy rather than the right' " (*id.* at 54-55, quoting *Martin v Dierck Equip. Co.*, 43 NY2d 583, 588 [1978]). There being no express intention in the agreement that Delaware's statute of limitations was to apply to this dispute, the choice of law provision cannot be read to encompass that limitations period. We conclude, however, that the Appellate Division should have applied CPLR 202 to Portfolio's claims to determine whether they were timely brought (*see e.g. Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 528 [1999] ["there is a significant difference between a choice-of-law question, which is a matter of common law, and (a) Statute of Limitations issue, which is governed by particular terms of the CPLR"]).

CPLR 202 provides, in relevant part, that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued." Therefore, "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued" (*Triarc*, 93 NY2d at 528). If the claimed injury is an economic one, the cause of action typically accrues "where the plaintiff resides and sustains the economic impact of the loss" (*id.* at 529).

Portfolio, as the assignee of Discover, is not entitled to stand in a better position than that of its assignor. We must therefore first ascertain where the cause of action accrued in favor of Discover. Here, it is evident that the contract causes of action accrued in Delaware, the place where Discover sustained the economic injury in 1999 when King allegedly breached the contract. Discover is incorporated in Delaware and is not a New York resident. Therefore, the borrowing statute applies and the Delaware three-year statute of limitations governs.

That does not end the inquiry, however, because in determining whether Portfolio's action would be barred in Delaware, this Court must "borrow" Delaware's tolling statute to determine whether under Delaware law Portfolio would have had the benefit of additional time to bring the action (*see GML, Inc. v Cinque & Cinque, P.C.*, 9 NY3d 949, 951 [2007]). Delaware's

tolling statute—Delaware Code Annotated, title 10, § 8117—provides that

> "[i]f at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person's absence until such person shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action."

Section 8117 was meant to apply only in a circumstance where the defendant had a prior connection to Delaware, meaning that the tolling provision envisioned that there would be some point where the defendant would return to the state or where the plaintiff could effect service on the defendant to obtain jurisdiction (see *Williams v Congregation Yetev Lev*, 2004 WL 2924490, *7, 2004 US Dist LEXIS 25432, *22 [SD NY 2004]). Indeed, Delaware's highest court has held that the literal application of its tolling provision "would result in the abolition of the defense of statutes of limitation in actions involving nonresidents" (*Hurwitch v Adams*, 52 Del 247, 252, 155 A2d 591, 594 [1959]).

There is no indication that King ever resided in Delaware, nor is there any indication from the case law that Delaware intended for its tolling provision to apply to a nonresident like King. Therefore, we conclude that Delaware's tolling provision does not extend the three-year statute of limitations. Moreover, contrary to Portfolio's contention, it is of no moment that Portfolio was unable to obtain personal jurisdiction over King in Delaware; this Court has held that it is not inconsistent to apply CPLR 202 in such a situation (see *Insurance Co. of N. Am. v ABB Power Generation*, 91 NY2d 180, 187-188 [1997]).

Applying Delaware's three-year statute of limitations, the instant action should have been commenced not later than 2002. Because the contract claims were not brought until 2005, they are time-barred in Delaware, where the causes of action accrued, and therefore they are likewise time-barred in New York upon application of the borrowing statute. This holding is

consistent with one of the key policies underlying CPLR 202, namely, to prevent forum shopping by nonresidents attempting to take advantage of a more favorable statute of limitations in this state (*see Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 27-28 [1984]).

As a final matter, we note that only Portfolio sought summary judgment below. Absent a cross motion for summary judgment by King, we are not empowered to now grant that relief (*see Stern v Bluestone*, 12 NY3d 873, 876 [2009]; *Falk v Chittenden*, 11 NY3d 73, 78-79 [2008]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]).

Accordingly, the order of the Appellate Division should be reversed, with costs, and Portfolio's motion for summary judgment should be denied.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order reversed, etc.