■ JACK J. GRYNBERG et al., Appellants, v JAMES H. GIFFEN et al., Respondents. [989 NYS2d 103]—

In an action to recover interests in certain oil, natural gas, and/or elemental sulphur fields within or immediately offshore of the Republic of Kazakhstan, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated September 18, 2012, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

The plaintiffs, nonresidents of New York, allege that the defendants were engaged in a criminal bribery scheme revolving around the development of certain oil and natural gas fields in the Republic of Kazakhstan, and that the plaintiffs were harmed by this criminal scheme in that it deprived them of their "rightful opportunity" to participate in the development of those

fields. They commenced the instant action in May 2012, seeking to recover the value of their "rightful share." In this regard, they asserted a cause of action under article 917 of the Civil Code of the Republic of Kazakhstan, which provides, in pertinent part, that "[h]arm (property and/or nonproperty) caused by unlawful actions (or failure to act) to property and nonproperty benefits and rights . . . shall be subject to compensation . . . by the person who caused the harm." The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a), and the Supreme Court directed the dismissal of the complaint pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations.

" '[W]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued' " (*Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010], quoting *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 528 [1999]). When borrowing the foreign jurisdiction's statute of limitations, its tolling provisions are also borrowed (*see GML, Inc. v Cinque & Cinque, P.C.*, 9 NY3d 949, 951 [2007]; Weinstein-Korn-Miller, NY Civ Prac ¶ 202.02 [2011]).

Here, it is undisputed that the applicable limitations period is three years under either New York law or Kazakh law (*see* CPLR 214 [2]; Civil Code of Republic of Kazakhstan art 178). In general, "the applicable Statute of Limitations is triggered once a cause of action accrues" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996]). "A cause of action accrues, for the purpose of measuring the period of limitations, 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (*id.*, quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]). An action to recover for a liability created or imposed by statute must be instituted "according to the language of the statute generating the liability" (*Safeco Ins. Co. of Am. v Jamaica Water Supply Co.*, 83 AD2d 427, 432 [1981], *affd* 57 NY2d 994 [1982]).

In this case, the alleged unlawful bribery scheme occurred in the 1990s. Even assuming that the cause of action did not accrue until the plaintiffs "knew or should have known about the violation" of their rights, as provided by article 180 (1) of the Civil Code of Kazakhstan, the defendants demonstrated that the plaintiffs knew or should have known of the alleged violation and harm in 2003, when the United States Government commenced a criminal action against the defendants based on

their alleged involvement in the bribery scheme. Moreover, even if the indictment filed in the federal criminal proceeding was insufficient to put the plaintiffs on notice, the latest possible date that the plaintiffs were put on notice of the defendants' unlawful activities, based on the clear allegations advanced in the complaint, was July 31, 2007.

Contrary to the plaintiffs' contentions, there is nothing in their expert's affidavit indicating that the cause of action did not accrue until November 2010, when the federal criminal proceeding concluded. Instead, the expert averred that under Kazakh law, "anyone who suffered by reason of the commission of a crime would have the right to join their civil suit to the criminal proceedings." As the Supreme Court noted, if the injured party could sue at the time the criminal action was commenced, the cause of action sued on must be deemed to have accrued by that time. Notably, the plaintiffs' expert never stated that this action would have been timely filed if it had been brought in Kazakhstan and never stated that the liability created by article 917 of the Civil Code of the Republic of Kazakhstan was generated by a criminal conviction. Finally, although the expert opined that a Kazakhstan court, in its discretion, would "likely" reinstate any periods of limitations that "may have lapsed," the expert failed to provide any support for this opinion (see *Warin v Wildenstein & Co.*, 297 AD2d 214, 215 [2002]).

Accordingly, since the instant action was commenced in May 2012, more than three years after the latest possible date that the plaintiffs were put on notice of the defendants' allegedly unlawful activities (i.e., July 31, 2007), the Supreme Court properly directed the dismissal of the complaint pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations.

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.