■ Zvi Grinbaum, Respondent, v Colette Klisivitch, Appellant. [46 NYS3d 120]—

In an action to recover on promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 22, 2015, which denied her motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is granted.

This action was commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In an order dated July 31, 2014, the Supreme Court denied the motion. Thereafter, the plaintiff filed a complaint. The defendant subsequently moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and the court denied the motion. "When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdic-

tion where the cause of action accrued" (*Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 528 [1999]; *see Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010]; *Grynberg v Giffen*, 119 AD3d 526, 527 [2014]). "[A] cause of action accrues at the time and in the place of the injury" (*Global Fin. Corp. v Triarc Corp.*, 93 NY2d at 529). "When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss" (*id.*; *see Norex Petroleum Ltd. v Blavatnik*, 23 NY3d 665 [2014]).

Here, as the plaintiff resides in Quebec, Canada, and Quebec is the place where he allegedly sustained the economic impact of the loss, the action accrued in Quebec. It is undisputed that the applicable limitations period to commence the instant action is six years in New York, but only three years under Quebec law. Consequently, since this action was commenced more than three years after it accrued, it is untimely.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.