Royal Park Invs. SA/NV v Morgan Stanley (2018 NY Slip Op 06695)





Royal Park Invs. SA/NV v Morgan Stanley


2018 NY Slip Op 06695


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


653695/13 -653335/13 7259 652732/13 7260 653901/13 7258 7257

[*1]Royal Park Investments SA/NV, Plaintiff-Appellant,
v
Morgan Stanley et al., Defendants-Respondents.
Royal Park Investments SA/NV, Plaintiff-Appellant,
v
Credit Suisse AG et al., Defendants-Respondents.
Royal Park Investments SA/NV, Plaintiff-Appellant,
v
Deutsche Bank AG et al., Defendants-Respondents.
Royal Park Investments SA/NV, Plaintiff-Appellant,
v
UBS AG et al., Defendants-Respondents.


Robbins Geller Rudman & Dowd LLP, San Diego, CA (Lucas Olts of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Davis Polk & Wardwell LLP, New York (James P. Rouhandeh of counsel), for respondents.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 12, 2017, April 14, 2017, and April 17, 2017, which granted defendants' motions to dismiss the amended complaints with prejudice, unanimously affirmed, with costs.
In these cases, which have been consolidated by this Court for purposes of this appeal, plaintiff alleges that defendants committed fraud in connection with the sale of residential mortgage-backed securities (RMBS). The threshold issue is whether plaintiff's standing is governed by New York or Belgian law.
Between 2005 and 2007, nonparties Fortis Bank, Fortis Bank SA/NV, Cayman Islands Branch (Fortis Cayman), and Scaldis bought RMBS from defendants. Nonparty Fortis Proprietary Investment (Ireland) Limited (Fortis Ireland) bought RMBS from the Credit Suisse [*2]defendants. On October 9, 2008, the Belgian State (which owned 49.93% of Fortis Bank), BNP Paribas, and various Fortis entities agreed to "set up a special purpose vehicle" to acquire Fortis' structured credit portfolio. Plaintiff was this special purpose vehicle.
On May 12, 2009, plaintiff, Fortis Bank, Fortis Ireland, and other companies not parties to this appeal entered into the Portfolio Transfer Agreement (PTA), pursuant to which plaintiff bought "all of the Sellers'[FN1] right, title and interest in and to the Portfolio Property". The PTA states, "This Agreement and the legal relations among the parties shall be governed by and construed in accordance with Belgian law". Plaintiff is incorporated under the laws of Belgium and has its principal place of business in Brussels.
Between August and November 2013, plaintiff commenced four actions against different defendants alleging fraud, fraudulent inducement, aiding and abetting fraud, and negligent misrepresentation. Plaintiff also sued the Deutsche Bank defendants for rescission.
Supreme Court dismissed the amended complaints with prejudice on the ground that plaintiff lacked standing or capacity to sue.
We affirm. "[C]ourts will generally enforce choice-of-law clauses" (Ministers & Missionaries Benefit Bd. v Snow, 26 NY3d 466, 470 [2015]). However, "when parties include a choice-of-law provision in a contract, they intend application of only that state's substantive law" (Id. at 474 [internal quotation marks omitted]). In other words, "[c]hoice of law provisions typically apply to only substantive issues" (Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010]).
Unlike substantive law, "matters of procedure are governed by the law of the forum state" (FIA Leveraged Fund Ltd. v Grant Thornton LLP, 150 AD3d 492, 496 [1st Dept 2017]). The question of whether a plaintiff has standing "is a procedural matter" (O'Neill v Warburg, Pincus & Co., 39 AD3d 3d 281 [1st Dept 2007]; see also Mertz v Mertz, 271 NY 466, 473 [1936] ["The law of the forum determines ... the capacity of parties to sue or to be sued"]).
Plaintiff contends that pursuant to Sealink Funding Ltd v Morgan Stanley (2014 NY Slip Op 31031[u] at *7 [Sup Ct NY County 2014], affd 133 AD3d 458 [1st Dept 2015]), whether claim rights were transferred under a contract is a substantive question and not a procedural matter. Plaintiff's reliance on Sealink Funding is misplaced as there the parties agreed that English law governed the transfers under the applicable agreements (id. at *7). Here, the defendants make no such concession as to the governing law. Accordingly, the motion court properly applied New York law to determine whether plaintiff had standing.
Under New York law, "where an assignment of fraud or other tort claims is intended in conjunction with the conveyance of a contract or note, there must be some language ... that evinces that intent and effectuates the transfer of such rights" (Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc., 25 NY3d 543, 550 [2015]). Plaintiff does not claim that the PTA contains such language, and thus, the motion court properly found that plaintiff lacked standing to bring the claims it asserts in the instant actions.
In view of the foregoing, it is unnecessary to reach the parties' other arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK



Footnotes

Footnote 1:The Sellers were the parties to the PTA other than plaintiff.