Ludwig v Van Horn (2019 NY Slip Op 08842)





Ludwig v Van Horn


2019 NY Slip Op 08842


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-04894
 (Index No. 5178/16)

[*1]Rudolph Ludwig, appellant, 
v
Carl Van Horn, et al., respondents (and a third-party action).


Charles Kannebecker, Port Jervis, NY, for appellant.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 21, 2017. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant Carl Van Horn were involved in a motor vehicle accident on August 3, 2013, in Westfall Township, Pennsylvania. Van Horn was driving a vehicle owned by the defendant Charles Hockenberry, Jr. The plaintiff was a resident of Pennsylvania, while the defendants were residents of New York.
On July 29, 2016, almost three years after the accident, the plaintiff filed a summons and complaint in Orange County, New York, against Van Horn and Hockenberry, individually and doing business as Hockenberry's Garage. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the Pennsylvania statute of limitations. By order dated April 21, 2017, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued" (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528; Grinbaum v Klisivitch, 146 AD3d 755, 755-756). "When borrowing the foreign jurisdiction's statute of limitations, its tolling provisions are also borrowed" (Grynberg v Giffen, 119 AD3d 526, 527; see GML, Inc. v Cinque & Cinque, P.C., 9 NY3d 949, 951; Childs v Brandon, 60 NY2d 927, 929).
Although the plaintiff commenced the action within the three-year statute of limitations applicable to personal injury actions in New York (see CPLR 214[5]), the applicable statute of limitations in Pennsylvania, which is two years, had expired at the time the action was commenced (42 Pa.C.S.A. § 5524[7]). Further, the action was not tolled under Pennsylvania law. While Pennsylvania law provides for the tolling of the statute of limitations where a defendant [*2]departs from that state after a cause of action accrues and remains continuously absent for more than four months (see 42 Pa.C.S.A. § 5532[a]), this tolling provision does not apply "[w]hile jurisdiction over the person of the defendant can be obtained without personal delivery of process to him within [Pennsylvania]" (42 Pa.C.S.A. § 5532[b][3]). Here, jurisdiction over the defendants could be obtained through the use of Pennsylvania's long-arm statute (see 42 Pa.C.S.A. § 5322[3]), and service of process in the manner provided for under New York law (see Pa. R.C.P. 404[3]). Thus, the Pennsylvania statute of limitations was not tolled (see 42 Pa.C.S.A. § 5532[b][3]). Contrary to the plaintiff's contention, there was no question of fact as to whether the defendants could not, with reasonable diligence, have been located outside Pennsylvania for purposes of service of process so as to render the Pennsylvania tolling provision applicable (cf. Johnson v Stuenzi, 696 A2d 237 [Pa Super Ct]). Rather, the complaint was addressed to Van Horn at the New York address listed in the police accident report and Hockenberry was served at Hockenberry's Garage, located in the town in New York that was listed in the police report.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court