[Cite as *Capital One Bank v. Jones*, 2020-Ohio-1204.]

STATE OF OHIO )

)ss:

COUNTY OF MEDINA )

IN THE COURT OF APPEALS

NINTH JUDICIAL DISTRICT

CAPITAL ONE BANK, et al.

Appellees

v.

KAREN L. JONES

Appellant

C.A. No.        18CA0116-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.      09-CIV-2388

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

HENSAL, Judge.

{¶1}   Karen Jones appeals a judgment of the Medina County Court of Common Pleas that granted summary judgment to Capital One Bank on her counterclaims. For the following reasons, this Court affirms.

I.

{¶2}   In 2009, "Capital One Bank" filed a complaint against Ms. Jones, alleging that she had breached her credit card agreement and owed it nearly $9,000. In her answer, Ms. Jones alleged that the claims were barred under the applicable statute of limitations and that Capital One Bank was not the real party in interest. She also filed a counterclaim against Capital One Bank and its attorneys, Morgan & Pottinger, PSC ("M&P"). After the bank dismissed its claim against Ms. Jones, she amended her counterclaim to include claims against the bank and M&P for violations of the Ohio Consumer Sales Practices Act ("OCSPA") and Federal Debt Collection

Practices Act ("FDCPA"), among others. Capital One Bank eventually entered into a settlement regarding Ms. Jones's counterclaims.

{¶3} In 2017, M&P moved for summary judgment on Ms. Jones's counterclaims. Although a magistrate initially denied the motion, the trial court rejected the magistrate's decision after it was discovered that an entire box of materials had been misplaced and not considered by the magistrate. After requesting supplemental memoranda from the parties, the magistrate reviewed the motion for summary judgment again and determined that it should be granted. Ms. Jones objected to the magistrate's decision, but the trial court overruled her objections and granted summary judgment to M&P. Ms. Jones has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO CONSIDER EVIDENCE DEMONSTRATING THAT THE PLACE OF ACCRUAL OF THE CAUSE OF ACTION ALLEGED IN THIS CASE WAS IN VIRGINIA, AND THAT THE STANDARDS FOR APPLICATION OF A STATUTE OF LIMITATIONS FOR WRITTEN CONTRACTS WERE NOT MET.

{¶4} Ms. Jones argues that the trial court incorrectly granted summary judgment to M&P because it incorrectly determined that Missouri's statute of limitations applied to the bank's claims against her instead of Virginia's statute. Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary

materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} The parties agreed that, under Ohio's borrowing statute, Ohio's statutes of limitations did not apply to the bank's claims if the causes of action accrued in a different state. R.C. 2305.03(B). M&P argued that Missouri's statute of limitations applied to the bank's claims because, under the terms of the credit card agreement, Ms. Jones was required to make her payments to a location in Missouri. Ms. Jones argued that she never sent any payments to Missouri but submitted them electronically at capitalone.com instead. According to Mr. Jones, because the capitalone.com internet domain was registered in Virginia and Virginia is where Capital One Bank resided, the bank's claims accrued in Virginia and Virginia's statutes of limitations applied.

{¶6} In *Taylor v. First Resolution Investment Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, the Ohio Supreme Court considered where a cause of action for default on a credit card accrues. The cardholder lived in Ohio, but Delaware was the home state for the bank that issued the card and is where the cardholder made her payments. *Id*. at ¶ 1. The Court noted that it had previously held that a claim on an unpaid promissory note arose where the contract was made payable. *Id*. at ¶ 43, citing *Meekison v. Groschner*, 153 Ohio St.3d 301, 306-307 (1950). It also noted that, as a practical matter, the only way the card issuer can determine if a cardholder is in default is when payment is not received at the designated location by a certain date. *Id*. at ¶ 47, citing *Conway v. Portfolio Recovery Assocs.*, 13 F.Supp.3d 711, 720-721 (E.D.Ky.2014). Following its precedent, a majority of the Court held that a card issuer's cause of action against a

cardholder "accrue[s] in the jurisdiction where the debt was to be paid, Delaware." *Id*. at ¶ 48; *Id*. at ¶ 109 (Kennedy, J., concurring).

{¶7}   Although Ms. Jones may have had the option of making her payments electronically, the statements she received around the time of her default indicated that her payments should be mailed to an address in Missouri.  Under *Taylor*, we are compelled to conclude that the debt accrued in Missouri because that is where it was to be paid.  *Id*.  Upon review of the record, we conclude that the trial court did not err when it concluded that Capital One Bank's claims against Ms. Jones did not accrue in Virginia.  Ms. Jones's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO CONSIDER EVIDENCE THAT THE PLAINTIFF WAS A FICTITIOUS NAME REGISTERED AS A WORD MARK AND OWNED BY CAPITAL ONE FINANCIAL CORPORATION, AND THAT CAPITAL ONE BANK, USA, N.A., WAS NOT THE REAL PARTY IN INTEREST.

{¶8}   Ms. Jones argues that the trial court incorrectly disregarded evidence that Capital One Bank was not the real party in interest to bring an action against her.  Some of Ms. Jones's counterclaims were based on her allegation that M&P filed an action against her in the name of a party that was not the real party in interest.

{¶9}   The complaint that M&P filed against Ms. Jones listed the plaintiff as "Capital One Bank."  According to Ms. Jones, at the time that the complaint was filed the only entity permitted to use the name "Capital One Bank" was Capital One Financial Corporation, which had registered "Capital One Bank" as a word mark.  Ms. Jones argues that because her account was with Capital One Bank (USA), N.A., not Capital One Financial Corporation, M&P did not file the action in the name of the real party in interest.

{¶10} Civil Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." In its motion for summary judgment, M&P argued that the complaint was, in fact, brought by the real party in interest. In support of its argument, M&P submitted an affidavit from one of the attorneys who filed the complaint against Ms. Jones. The attorney averred that M&P's in-house file related to Ms. Jones's account lists Capital One Bank (USA), N.A. as the creditor. M&P also submitted the affidavit of one of its shareholders who averred that Capital One Bank (USA), N.A., was the creditor of Ms. Jones's account. He explained that the firm's computer software, however, had populated the "creditor" field with only the name "Capital One Bank." He attached screenshots of M&P's computer records of Ms. Jones's file that show the "Cred:" as "Capital One Bank." One of the screenshots shows "Capital One Bank (USA), N.A." in the field for original creditor. M&P also submitted evidence that "Capital One Bank" was the bank's name at the time that it opened Ms. Jones's account and at the time that Ms. Jones defaulted on the account. It further submitted evidence that "Capital One Bank" converted into a national bank in 2008, becoming "Capital One Bank (USA), N.A." M&P correctly named Capital One Bank (USA), N.A. as the plaintiff in the caption of every document it submitted after the complaint. M&P also notes that, under Rule 17(A), if an action is not initially prosecuted in the name of the real party in interest, that party may be substituted in and such substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." M&P argues that it did not have the opportunity to correct the complaint's caption because Capital One Bank (USA), N.A. dismissed its action before Ms. Jones amended her counterclaim to add claims related to the incorrect caption.

{¶11} The evidence M&P submitted in support of its motion for summary judgment demonstrated that it filed the complaint on behalf of the real party in interest, Capital One Bank

(USA), N.A., even if it incorrectly wrote only "Capital One Bank" in the caption of the complaint. In opposition to M&P's motion, Ms. Jones did not submit any evidence demonstrating that M&P filed the action on behalf of Capital One Financial Corporation or any other entity that was not the real party in interest.

{¶12} Ms. Jones also argues that Capital One Bank (USA), N.A. was not the real party in interest because Capital One Bank had transferred all of the receivables from Ms. Jones's account to Capital One Funding, LLC. According to Ms. Jones, the real party in interest is the entity that would enjoy the ultimate benefit or injury from the outcome of the case. Ms. Jones argues that Capital One Bank (USA), N.A.'s role was limited to being nothing more than a collection agent for Capital One Funding. She argues that the trial court should have looked beyond which entity had ownership of her account to determine the real party in interest.

{¶13} "A 'real party in interest' has been defined as '* * * one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, *i.e.*, one who is *directly* benefitted or injured by the outcome of the case * * *.'" *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 (1985), quoting *West Clermont Edn. Assn. v. West Clermont Bd. of Edn.*, 67 Ohio App.2d 160, 162 (1st Dist.1980). "To determine whether the requirement that the action be brought by the real party in interest is sufficed, courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Id*.

{¶14} In its motion for summary judgment, M&P argued that the owner of Ms. Jones's account was Capital One Bank which had later converted into a national bank, becoming Capital One Bank (USA), N.A. It submitted evidence of those facts. In opposition, Ms. Jones did not dispute that the "owner" of her account was Capital One Bank (USA), N.A., but she argued that

the bank was not the real party in interest because it had transferred its right to the receivables from the account to Capital One Funding, LLC.

{¶15} Ms. Jones cites to an order of the trial court from June 2012, in which the court stated that the bank's role was limited to that of a collection agent. The trial court, however, was permitted to reconsider its understanding of the relationship between the parties as well as the relationship between Capital One Bank (USA), N.A. and Capital One Funding, LLC. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981), fn. 1; Civ.R. 54(B). Ms. Jones also notes that the evidence in the record that the bank was merely a collection agent for other entities pertains to the relationship between the various entities in 2010 instead of their relationship at the time the complaint was filed.

{¶16} Upon review of the record, we conclude that Capital One Bank (USA), N.A. demonstrated that it was the owner of Ms. Jones's credit card account. Ms. Jones has not pointed to any evidence in the record that creates a genuine issue of material fact that, at the time the complaint was filed, a different entity was the real party in interest.

{¶17} Ms. Jones also argues that the trial court failed to consider whether the use of a name other than the real party in interest by M&P would constitute a misleading or deceptive practice under the Fair Debt Collection Practices Act. She also argues that M&P's concealment of the real party in interest could also constitute a false or misleading practice. Because M&P established that it filed the complaint in the name of the real party in interest, however, these issues were and are moot.

{¶18} Ms. Jones next argues that the trial court incorrectly concluded that Capital One Financial Corporation or Capital One Funding, LLC. met the definition of a financial institution

under Ohio Revised Code Section 5725.01. She also argues that, even if they are financial institutions, M&P cannot enjoy derivative use of the OCSPA's financial institution exemption.

{¶19} The trial court determined that Ms. Jones's OCSPA claim failed because there was no consumer transaction at issue and M&P did not constitute a supplier under the act. Ms. Jones notes that in *Taylor*, 148 Ohio St.3d 627, 2016-Ohio-3444, the Ohio Supreme Court determined that an attorney who attempted to collect on a debt and later filed suit on behalf of the creditor met the definition of a supplier under the OCSPA. *Id*. at ¶ 22, 95.

{¶20} In *Taylor*, an attorney attempted to collect an unpaid credit card balance on behalf of First Resolution Investment Corporation ("FRIC"), which had purchased the debt from a company that had purchased the debt from the bank that issued the card. The Ohio Supreme Court held that, under those circumstances, neither FRIC nor the attorney were financial institutions within the meaning of the OCSPA. In this case, M&P filed the complaint on behalf of the financial institution that originally issued the credit card to Ms. Jones. R.C. 5725.01(A)(1) (including a "national bank" within the definition of financial institution); R.C. 1345.01(A) (providing that a consumer transaction does not include transactions between a financial institution and its customers). *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 719 (6th Cir.2015). Capital One Bank (USA), N.A. could not have initiated an action against Ms. Jones without the assistance of an attorney. We, therefore, conclude that the OCSPA's exemptions must extend to a financial institution's own counsel. *Gionis v. Javitch, Block & Rathbone*, 405 F.Supp.2d 856, 869 (S.D.Ohio 2005); *Perkins v. Wells Fargo Bank, N.A.*, S.D.Ohio No. 2:11-CV-952, 2012 WL 5077712, * 14 (Oct. 18, 2012) ("When an attorney represents a financial institution in transaction that is exempted from the [OCSPA], the attorney is similarly exempt from liability under the statute.").

{¶21} Ms. Jones also argues that the trial court incorrectly concluded that the account was not subject to Ohio's interest rate caps because they were preempted under the National Bank Act. Her argument is based on her assertion that the real party in interest is not Capital One Bank (USA), N.A. but Capital One Funding, LLC, or an entity known as Capital One Master Trust, which are not national banks. As previously explained, M&P established that there was no genuine issue of material fact that the owner of Ms. Jones's account and the real party in interest to file a claim against her was Capital One Bank (USA), N.A. We conclude that the trial court correctly determined that the bank was not subject to Ohio's interest rate caps because it is a national bank. 12 U.S.C. 85; *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 744 (1996).

{¶22} Ms. Jones further argues that the trial court incorrectly concluded that M&P could request costs and interest in the complaint. The trial court, however, correctly explained that costs and interest are allowed to be recovered under Civil Rule 54(D) and Section 1343.03(A). Civ.R. 54(D); *Magnum Steel & Trading, LLC v. Mink*, 9th Dist. Summit Nos. 26127, 26231, 2013-Ohio-2431, ¶ 55.

{¶23} Upon review of the record, we conclude that the trial court did not err when it determined that Capital One Bank (USA), N.A. was the real party in interest and determined that M&P was entitled to judgment on Ms. Jones's claims as a matter of law. Ms. Jones's second assignment of error is overruled.

III.

{¶24} Ms. Jones's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶25} I respectfully dissent from the judgment of the majority as I would conclude that M&P failed to meet its burden to establish the absence of a genuine issue of material fact.

{¶26} As to Ms. Jones's first assignment of error, I would conclude that the materials submitted in support of M&P's motion for summary judgment do not definitively demonstrate which state's statute of limitations should apply. The key to that determination rests upon where the action accrued. *See Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, ¶ 38, 42. Under the facts of *Taylor*, the Supreme Court of Ohio determined that the cause of action "accrued in the jurisdiction where the debt was to be paid, Delaware." *Id.* at ¶ 48. However, in so doing, the Supreme Court stated that it was following its "own precedent and that of New York's highest court and the cited federal courts * * *." *Id.* One of those cited cases contained language indicating that, "[i]f the claimed injury is an economic one, the cause of action typically accrues where the plaintiff resides and sustains the economic impact of the loss." (Internal quotations and citations omitted.) *Id.* at ¶ 44, quoting *Portfolio Recovery Assocs., L.L.C. v. King*, 14 N.Y.3d 410, 416 (2010). Another one provided that, in order to determine where the cause of action accrued, the court would identify where "the injurious consequences of the alleged wrongful conduct occurred." (Internal quotations and citation omitted.) *Taylor* at ¶ 46, quoting *Conway v. Portfolio Recovery Assocs., L.L.C.,* 13 F.Supp.3d 711, 718 (E.D.Ky.2014).

{¶27} Here, it is true that Ms. Jones's statements from the time of her default indicate that payments should be mailed to an address in Missouri. However, those same statements from the time period during which payments could be mailed to Missouri, evidence that Ms. Jones made electronic payments. Nothing in the record suggests, let alone demonstrates, that doing so was prohibited. In fact, nothing suggests that those payments were not accepted. M&P did not submit

any evidence demonstrating where electronic payments were received. Thus, I would conclude M&P did not meet its burden on this issue.

{¶28} As to Ms. Jones's second assignment of error, I would conclude there is a genuine issue of material fact with respect to what entity even issued Ms. Jones's card. In a January 2012 affidavit, Richard Napolitano averred that Capital One Bank (USA), N.A. issued Ms. Jones a credit card and that since the account's inception, Capital One Bank (USA), N.A. has been and continued to be the owner of the account and issuer of the credit card. Only months later, in July 2012, Mr. Napolitano averred instead that Capital One Bank issued Ms. Jones's credit card. He then asserted that, on March 1, 2008, Capital One Bank converted from a Virginia bank to a national bank named Capital One Bank (USA), N.A. The affidavits clearly contradict each other. Further, if Capital One Bank, (USA), N.A. issued Ms. Jones's card and owned her account for the duration, it seems there could be an argument that filing a complaint under the name Capital One Bank could be misleading.

{¶29} Given the totality of the record before this Court, I cannot say that M&P demonstrated its entitlement to summary judgment. I would sustain Ms. Jones's assignments of error and reverse the judgment of the trial court.

APPEARANCES:

ANAND N. MISRA, Attorney at Law, for Appellant.

ROBERT S. BELOVICH, Attorney at Law, for Appellant.

LORI E. BROWN, MAIA E. JERIN, and RICHARD C.O. REZIE, Attorneys at Law, for Appellee.