Baker v Greentech Capital Advisors, L.P. (2022 NY Slip Op 03679)

Baker v Greentech Capital Advisors, L.P.

2022 NY Slip Op 03679

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 650243/20, 650242/20 Appeal No. 16079-16080 Case No. 2022-01033, 2022-01036 

[*1]Kyle Jones Baker, Plaintiff-Respondent,
v
Greentech Capital Advisors, L.P., et al., Defendants-Appellants. Michael Molnar, Plaintiff-Respondent,

Paul Hastings, LLP, New York (Patrick W. Shea of counsel), for appellants.
Arkin Solbakken LLP, New York (Lisa C. Solbakken of counsel), for, respondents.

Orders, Supreme Court, New York County (Jennifer Schecter, J.), entered March 4, 2022, which denied defendants' motions for summary judgment dismissing the complaint upon a finding that the actions were timely under New York's six-year statute of limitations, unanimously affirmed, with costs.
Defendants argue that plaintiffs' claims for breach of their respective agreements with defendants are barred by Delaware's three-year statute of limitations. We find, however, that the choice-of law provisions in the parties' partnership agreement do not require the application of Delaware's statute of limitations to plaintiffs' claims.
The choice-of-law provision in the parties' partnership agreement specifically provided that it is to be construed in accordance with Delaware law (see Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 340 [2019]). Thus, the preliminary question of whether the choice-of-law clause should be "construed" to cover the applicable statute of limitations period must be decided under the law the parties chose in the contract, that is, Delaware substantive law, and not the law of the forum state (id.).
Under Delaware law, choice-of-law provisions apply to issues of substantive law, while procedural issues (such as the appropriate limitations period) are governed by the forum state (see e.g. Pivotal Payments Direct Corp. v Planet Payment, Inc., 2015 WL 11120934, at *3, 2015 Del Super LEXIS 1058, at *7-9 [Del Super Ct Dec. 29, 2015]; see also Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 415-416 [2010]). In other words, "[u]nder Delaware law, a contract's choice-of-law provision does not apply to the statute of limitations unless it says so explicitly" (Hatcher v Collecto, Inc., 2021 WL 765759, *2, 2021 US Dist LEXIS 36293, at *5 [D Del Feb. 26, 2021]). As the choice-of-law provision in the partnership agreement does not expressly mention the application of the Delaware statute of limitations, the law of the forum state (New York) governs the limitations period (id.).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022