Ocwen Loan Servicing, LLC v Sirianni (2022 NY Slip Op 00677)





Ocwen Loan Servicing, LLC v Sirianni


2022 NY Slip Op 00677


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-12266
 (Index No. 5016/13)

[*1]Ocwen Loan Servicing, LLC, respondent-appellant,
v
Donna Sirianni, appellant-respondent, et al., defendants.


Galarza Law Office P.C., Massapequa Park, NY (J. Ceasar Galarza and Charles Marino of counsel), for appellant-respondent.
Hinshaw & Culbertson LLP, New York, NY (Kyle M. Medley of counsel), for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donna Sirianni appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 1, 2018. The order, insofar as appealed from, denied that branch of the cross motion of the defendant Donna Sirianni which was for summary judgment dismissing the complaint insofar as asserted against her. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant Donna Sirianni's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendant Donna Sirianni which was for summary judgment dismissing the complaint insofar as asserted against her is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Donna Sirianni.
The defendant Donna Sirianni executed three separate notes, which debts were secured by mortgages against property located in Nassau County. On or about January 26, 2005, Sirianni entered into a Consolidation, Extension, and Modification Agreement (CEMA) with nonparty Luxury Mortgage Corporation to combine the notes and mortgages. The CEMA included a consolidated note in the amount of $1,300,000, payable in monthly installments, as well as a consolidated mortgage.
A default notice was sent to Sirianni on or about March 5, 2007. The letter noted that Sirianni could cure her default by paying the amount due within 30 days, and stated that "[u]nless we receive full payment of all past-due amounts, we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure proceedings."
Luxury Mortgage Corporation commenced an action against Sirianni (hereinafter the first action) by filing a summons and complaint on May 15, 2007. The complaint asserted that the [*2]plaintiff elected to call due the entire amount secured by the mortgage. The Supreme Court in that action granted Luxury Mortgage Corporation's request for a discontinuance on or about September 25, 2012.
The plaintiff subsequently came into possession of the consolidated note, endorsed in blank, and commenced the present action on April 25, 2013. Sirianni raised several affirmative defenses in her answer, including, inter alia, the statute of limitations and noncompliance with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint. Sirianni cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as untimely and for lack of compliance with RPAPL 1304(2). In an order entered August 1, 2018, the Supreme Court denied both the motion and the cross motion. Sirianni appeals, and the plaintiff cross-appeals.
Contrary to the determination of the Supreme Court, the March 5, 2007 default notice did not accelerate the full amount of the debt. That notice was "merely an expression of future intent that fell short of an actual acceleration," and did not serve to accelerate the loan (Milone v US Bank N.A., 164 AD3d 145, 152; see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769; U.S. Bank N.A. v Atia, 178 AD3d 747, 748-749; U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1009; HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 925-926). The maturity date of the debt was accelerated when, on May 14, 2007, the plaintiff in the first action elected in the complaint to call due the entire loan amount and demanded payment of the outstanding loan in full (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 23). Contrary to Sirianni's contention, the court properly determined that the voluntary discontinuance of the first action revoked the election to accelerate the maturity of the debt (see id. at 19). In any event, as the present action was commenced on April 25, 2013, it was timely pursuant to CPLR 213(4), even without consideration of the revocation of the prior acceleration. Accordingly, Sirianni was not entitled to summary judgment dismissing the complaint insofar as asserted against her on the ground that the action was untimely.
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike Sirianni's answer, and for an order of reference on the ground that the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304(2) requires that notices be "sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage," and that such notices be sent "in a separate envelope from any other mailing or notice" (id.). Strict compliance with the requisite RPAPL 1304 notices to the borrower or borrowers and proper service of such notice are conditions precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of these conditions (see Bank of Am., N.A. v Kessler, __ AD3d __, 2021 NY Slip Op 06979 [2d Dept]; Citibank, N.A. v Wood, 150 AD3d 813, 814; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Here, the plaintiff failed to demonstrate, prima facie, that it strictly complied with the mailing requirements of RPAPL 1304. The affidavit of Kyle Lucas, a senior loan analyst employed by the plaintiff, did not make the requisite showing that Lucas was familiar with the plaintiff's mailing practices and procedures, and "therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1092; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Investors Sav. Bank v Salas, 152 AD3d 752, 753-754; Citibank, N.A. v Wood, 150 AD3d at 814).
The plaintiff also failed to establish that it complied with the "separate envelope" requirement of RPAPL 1304(2). "[I]nclusion of any material in the separate envelope sent to the borrower under RPAPL 1304 that is not expressly delineated in these provisions constitutes a violation of the separate envelope requirement of RPAPL 1304(2)" (Bank of Am., N.A. v Kessler, __ AD3d at __, 2021 NY Slip Op 06979 [2d Dept], *3). Here, the plaintiff acknowledged that the envelope that it sent to Sirianni, which contained the requisite notice under RPAPL 1304, also [*3]included other information in two notices pertaining to the Federal Fair Debt Collection Practices Act and bankruptcy. Since the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike Sirianni's answer, and for an order of reference.
Further, on her cross motion, Sirianni established that the plaintiff failed to comply with RPAPL 1304 when it sent additional material in the same envelope as the requisite notice under RPAPL 1304. In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, the Supreme Court should have granted that branch of Sirianni's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her (see Bank of Am., N.A. v Kessler, __ AD3d __, 2021 NY Slip Op 06979 [2d Dept]).
Sirianni's remaining contention need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court