US Bank N.A. v Drakakis (2022 NY Slip Op 03022)





US Bank N.A. v Drakakis


2022 NY Slip Op 03022


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2019-04503
2019-04626
 (Index No. 12274/14)

[*1]US Bank National Association, etc., respondent,
v
Christos Drakakis, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Marissa Banez of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christos Drakakis appeals from two orders of the Supreme Court, Nassau County (Julianne T. Capetola, J.), both dated December 21, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christos Drakakis, to strike that defendant's answer and dismiss his affirmative defenses, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christos Drakakis, to strike that defendant's answer and dismiss his affirmative defenses, and for an order of reference are denied, and that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him is granted.
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
Here, in support of its motion for summary judgment, the plaintiff failed to establish, prima facie, its compliance with the "separate envelope" mandate of RPAPL 1304(2) since the RPAPL 1304 notice submitted with its motion included, in addition to the statutorily prescribed language, a document titled "Consumer Notice Pursuant to 15 U.S.C. Section 1692(G)" (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 14; Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105). In support of his cross motion, the defendant Christos Drakakis demonstrated, prima facie, that the plaintiff failed to comply with the "separate envelope" mandate of RPAPL 1304(2) (see Ocwen Loan [*2]Servicing, LLC v Sirianni, 202 AD3d 702; Bank of Am., N.A. v Kessler, 202 AD3d at 14; Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027). In opposition to the cross motion, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Drakakis, to strike his answer and dismiss his affirmative defenses, and for an order of reference, and should have granted Drakakis's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
The parties' remaining contentions either need not be reached or are improperly raised for the first time on appeal.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court