US Bank N.A. v Lanzetta (2022 NY Slip Op 04322)

US Bank N.A. v Lanzetta

2022 NY Slip Op 04322

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2018-04835
 (Index No. 22010/10)

[*1]US Bank National Association, etc., respondent,
v
Jean Lanzetta, appellant, et al., defendants. Charles Wallshein, Melville, NY, for appellant.

McCabe, Weisberg & Conway, LLC (Blank Rome LLP, New York, NY [Jonathan M. Robbin and Andrea M. Roberts], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jean Lanzetta appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated February 9. 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jean Lanzetta and Donna Lanzetta and for an order of reference, and denied the cross motion of the defendants Jean Lanzetta and Donna Lanzetta for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Donna Lanzetta and denied that branch of the cross motion of the defendants Jean Lanzetta and Donna Lanzetta which was for summary judgment dismissing the complaint insofar as asserted against the defendant Donna Lanzetta is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jean Lanzetta and for an order of reference are denied, and that branch of the cross motion of the defendants Jean Lanzetta and Donna Lanzetta which was for summary judgment dismissing the complaint insofar as asserted against the defendant Jean Lanzetta on the ground that the plaintiff failed to comply with RPAPL 1304 is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Donna Lanzetta must be dismissed as the defendant Jean Lanzetta is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). The appeal from so much of the order as denied that branch of the cross motion of the defendants Jean Lanzetta and Donna Lanzetta which was for summary judgment dismissing the complaint insofar as asserted against the defendant Donna Lanzetta must be dismissed since Donna Lanzetta did not appeal from the order (see Hecht v City of New York, 60 NY2d 57).
In support of those branches of its motion which were for summary judgment on the [*2]complaint insofar as asserted against the defendant Jean Lanzetta (hereinafter the appellant) and for an order of reference, the plaintiff failed to establish, prima facie, that it complied with the "separate envelope" requirement of RPAPL 1304(2). "[I]nclusion of any material in the separate envelope sent to the borrower under RPAPL 1304 that is not expressly delineated in these provisions constitutes a violation of the separate envelope requirement of RPAPL 1304(2)" (Bank of Am., N.A. v Kessler, 202 AD3d 10, 14; see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702). The envelope containing the requisite notice under RPAPL 1304 included notices pertaining to the Federal Fair Debt Collection Practices Act (15 USC et seq.) and bankruptcy, and, therefore, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304 (see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702).
On that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant, the appellant established, prima facie, that the plaintiff failed to comply with the separate envelope requirement, and the plaintiff failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference, and should have granted that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court