Sansone v North Shore Invs. Realty Group, LLC (2023 NY Slip Op 03876)

Sansone v North Shore Invs. Realty Group, LLC

2023 NY Slip Op 03876

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-12934
 (Index No. 611543/17)

[*1]Elyse M. Sansone, respondent, 
v
North Shore Investors Realty Group, LLC, appellant, et al., defendant.

Lawrence and Walsh, P.C., Hempstead, NY (John Tangel of counsel), for appellant.
The Frank Law Firm, P.C., Old Brookville, NY (Thomas Frank of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant North Shore Investors Realty Group, LLC, appeals from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered September 25, 2019. The judgment, upon an order of the same court entered April 25, 2018, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendant North Shore Investors Realty Group, LLC, canceling and discharging of record the subject mortgage.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, and the order entered April 25, 2018, is modified accordingly.
In October 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage on the ground that the statute of limitations within which to commence an action to foreclose the mortgage had expired. The plaintiff then moved for summary judgment on the complaint. In an order entered April 25, 2018, the Supreme Court granted the plaintiff's motion. The defendant North Shore Investors Realty Group, LLC, appeals from a judgment entered September 25, 2019, which, upon the order entered April 25, 2018, is in favor of the plaintiff and against it, canceling and discharging of record the subject mortgage.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage, or through [*2]an unequivocal acceleration notice transmitted to the borrower (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25-27; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). A notice of acceleration of a debt must be clear and unequivocal, and to constitute such clear and unequivocal acceleration of a debt, the notice must demand an immediate payment of the entire outstanding loan and not refer to acceleration only as a future event (see Freedom Mtge. Corp. v Engel, 37 NY3d at 25; U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1240).
Here, the plaintiff failed to establish her prima facie entitlement to judgment on the complaint as a matter of law. The language in a 2008 "Notice of Intent to Foreclose," that the mortgage debt would be accelerated if the borrower did not pay the arrears as set forth in the notice by September 19, 2008, was merely an expression of future intent that fell short of an actual acceleration (see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702; Milone v US Bank N.A., 164 AD3d 145, 154; Bank of Am., N.A. v Luma, 157 AD3d 1106; 21st Mtge. Corp. v Adames, 153 AD3d 474). The notice was not clear and unequivocal, as future intentions may always be changed in the interim (see Milone v US Bank N.A., 164 AD3d at 154).
The plaintiff's alternate contention that the mortgage debt was accelerated in 2009, by the commencement of a mortgage foreclosure action that was subsequently discontinued, is raised for the first time on appeal, and we decline to consider it (see LNV Corp. v Allison, 206 AD3d 710, 714; Wells Fargo Bank v Islam, 174 A3d 670, 671-672).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing determination, the defendant's remaining contentions need not be reached.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court