Student Loan Solutions, LLC v Colon (2024 NY Slip Op 05125)

Student Loan Solutions, LLC v Colon

2024 NY Slip Op 05125

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-01019
 (Index No. 512313/19)

[*1]Student Loan Solutions, LLC, etc., appellant,
v
Tameeka Colon, et al., respondents.

Portnoy Schneck, LLC (Barron & Newburger, P.C., New City, NY [Arthur Sanders], of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Johnson M. Tyler and Tanya Wong of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated December 10, 2020. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2007, the defendants entered into a private loan credit agreement (hereinafter the loan agreement) with Bank of America, N.A. (hereinafter Bank of America), pursuant to which the defendants borrowed the sum of $38,000, to be repaid with interest in monthly installments over a period of 20 years after an initial period of deferment. The loan agreement provides that if the defendants fail to make any monthly payment when due, Bank of America has "the right to give [the defendants] notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to [Bank of America] . . . are due and payable at once." In 2017, the plaintiff purchased Bank of America's interest in the loan agreement.
On June 4, 2019, the plaintiff commenced this action to recover the outstanding amount owed under the loan agreement, alleging that the defendants were in default of the loan agreement by failing to make payments when due. The defendants served an answer in which they asserted, as an affirmative defense, that the statute of limitations had run prior to the commencement of the action.
The plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint, arguing that it was time-barred. In an order dated December 10, 2020, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising [*2]a triable issue of fact as to whether the action falls within an exception to the statute of limitations' or whether the statute of limitations has been tolled" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904, quoting Osborn v DeChiara, 165 AD3d 1270, 1271; see Tantleff v Kestenbaum & Mark, 131 AD3d 955, 958).
When a loan is payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon, unless the debt is accelerated (see Morrison v Zaglool, 88 AD3d 856, 858; Sce v Ach, 56 AD3d 457, 458). Once a debt is validly accelerated in accordance with the terms of the contract, the entire amount is due and the statute of limitations begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "A borrower generally must be provided with notice of the lender's decision to exercise an option to accelerate the maturity of a loan, and such notice must be clear and unequivocal" (Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 38 [citations and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). "[T]o constitute such clear and unequivocal acceleration of a debt, the notice must demand an immediate payment of the entire outstanding loan and not refer to acceleration only as a future event" (Sansone v North Shore Invs. Realty Group, LLC, 218 AD3d 698, 700; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 27).
Here, the defendants established, prima facie, that the statute of limitations began to run on the cause of action on September 11, 2013. In support of their cross-motion, the defendants submitted a letter dated September 11, 2013, from Williams & Fudge, Inc. (hereinafter Williams & Fudge), on behalf of Bank of America. The letter informed the defendants that Williams & Fudge had been retained to collect the "total amount" in connection with the defendants' "delinquent" debt, that the defendants owed the sum of $43,374.19, and that the defendants should send "the balance in full" or contact Williams & Fudge "with respect to a full resolution." Contrary to the plaintiff's contention, this letter constituted an affirmative action clearly and unequivocally evidencing Bank of America's intention to accelerate the debt, as the letter demanded immediate payment of the entire outstanding loan and did not refer to acceleration of the loan as a future event (see Freedom Mtge. Corp. v Engel, 37 NY3d at 27; Sansone v North Shore Invs. Realty Group, LLC, 218 AD3d at 700; see also Shadrin v Student Loan Solutions LLC, 2022 WL 971183, *6, 2022 US Dist LEXIS 61309, *13-16 [D Md, Civil Action No. CCB-20-3641]).
The defendants further established, prima facie, that this action was time-barred under the applicable statute of limitations. "When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued" (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528; see CPLR 202; Grynberg v Giffen, 119 AD3d 526, 527). "'[A] cause of action accrues at the time and in the place of the injury'" (Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 338, quoting Global Fin. Corp. v Triarc Corp., 93 NY2d at 529). A cause of action alleging a purely economic injury usually accrues in the state in which the plaintiff resides and sustains the economic impact of the loss (see Global Fin. Corp. v Triarc Corp., 93 NY2d at 528). Here, the parties agree that Bank of America was headquartered and injured in North Carolina. Thus, since the cause of action accrued in 2013 when Bank of America held the loan agreement, North Carolina's three-year statute of limitations for breach of contract actions applies to this action (see NC Gen Stat § 1-52[1]; Birtha v Stonemor, N.C., LLC, 220 NC App 286, 294, 727 SE2d 1, 8). As the plaintiff did not commence this action to collect the debt until June 4, 2019, more than three years after the cause of action accrued, the defendants met their prima facie burden of demonstrating that this action was time-barred.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the action was timely commenced, as it failed to submit evidence to support its contention that the debt was not validly accelerated in 2013 (see Residential Mtge. Loan Trust 2013-TT2 v Fiorita, 194 AD3d 974, 975; Federal Natl. Mtge. Assn. v Puma, 186 AD3d 457, 459; Bank of N.Y. Mellon v Ahmed, 181 AD3d 634, 636).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint and properly denied the plaintiff's motion for summary judgment on the complaint.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court