Niles v City of New York (2024 NY Slip Op 05217)

Niles v City of New York

2024 NY Slip Op 05217

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-01660
 (Index No. 2634/14)

[*1]Janae Niles, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents (and a third-party action).

Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan and Gennaro Savastano of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 10, 2022. The order, insofar as appealed from, in effect, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendants New York City Transit Authority and Oscar Lewis.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2013, a bus owned by the defendant New York City Transit Authority and operated by the defendant Oscar Lewis (hereinafter together the TA defendants) was heading eastbound on Kings Highway in Brooklyn and was following a vehicle operated by the defendant Edasia Griffin. The plaintiff was a passenger on the bus. At the intersection of Kings Highway and East 14th Street, Griffin activated her right turn signal, but upon Griffin's vehicle entering the crosswalk, Griffin activated her left turn signal and she began to make a left turn. The bus moved to the left, and the front right side of the bus came into contact with the left side of Griffin's vehicle.
The plaintiff commenced this action to recover damages for personal injuries sustained in the accident against the TA defendants, Griffin, and another defendant. Griffin moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the issue of liability against the TA defendants. In an order dated February 10, 2022, the Supreme Court, among other things, in effect, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the TA defendants. The plaintiff appeals.
Contrary to the contention of the TA defendants, the plaintiff is an aggrieved party because, in her cross-motion, she asked for relief which was denied (see Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1005; Mixon v TBV, Inc., 76 AD3d 144, 156). In the order appealed from, the Supreme Court, in effect, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the TA defendants.
The plaintiff contends that the TA defendants violated certain provisions of the Vehicle and Traffic Law and were negligent as a matter of law. The plaintiff further contends that issues of negligence and the cause of the accident are so inextricably interwoven that it would be logically impossible to find the TA defendants negligent without also finding that such negligence was a proximate cause of the accident. However, these contentions are raised for the first time on appeal and we decline to consider them (see Sansone v North Shore Invs. Realty Group, LLC, 218 AD3d 698, 700).
Accordingly, the Supreme Court properly, in effect, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the TA defendants.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court