Bank of N.Y. Mellon Trust Co., N.A. v Burns
2026 NY Slip Op 03658
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bank of New York Mellon Trust Company, N.A., etc., appellant,
v
Edmund J. Burns, Jr., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-11859, (Index No. 59858/17)
Mark C. Dillon, J.P.
William G. Ford
Laurence L. Love
James P. McCormack, JJ.

Hinshaw & Culbertson LLP, New York, NY (Edward K. Lenci and Sarah J. Greenberg of counsel), for appellant.
Robinowitz Cohlan Dubow & Doherty LLP, White Plains, NY (Bruce Minkoff of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated November 28, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Edmund J. Burns, Jr., and Misti Burns which was for leave to renew (1) their opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against them, to strike their answer, and for an order of reference, which had been granted in an order of the same court (Lewis J. Lubell, J.) dated July 26, 2018, and (2) their cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them, which had been denied in the order dated July 26, 2018, and, upon renewal, in effect, vacated so much of the order dated July 26, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants Edmund J. Burns, Jr., and Misti Burns, to strike their answer, and for an order of reference and denied those defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them, and thereupon denied those branches of the plaintiff's motion and granted those defendants' cross-motion.
ORDERED that the order dated November 28, 2023, is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Edmund J. Burns, Jr., and Misti Burns which was for leave to renew their opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against them, to strike their answer, and for an order of reference and their cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them is denied, and so much of the order dated July 26, 2018, as granted those branches of the plaintiff's motion and denied those defendants' cross-motion is reinstated.
In 2007, the defendant Edmund J. Burns, Jr., executed a note in the amount of $1 million in favor of JPMorgan Chase Bank, N.A., which was secured by a mortgage on certain real property located in Westchester County. The mortgage agreement was executed by Edmund J. Burns, Jr., and the defendant Misti Burns (hereinafter together the defendants).
On or about July 31, 2010, Chase Home Finance, LLC (hereinafter Chase), sent a notice to Edmund J. Burns, Jr. (hereinafter the default notice), informing him that he was in default on the mortgage and stating, "If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase will accelerate the maturity of the Loan, terminate your credit line if the Loan provides for revolving advances, declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings, all without further notice to you."
On December 12, 2012, the plaintiff commenced an action to foreclose the mortgage against the defendants, among others (hereinafter the first action). The complaint asserted that the plaintiff elected to call due the entire amount secured by the mortgage. In an order dated April 30, 2015, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them. Thereafter, in a letter dated April 20, 2016 (hereinafter the de-acceleration letter), Select Portfolio Servicing, Inc., purported to unilaterally de-accelerate the debt.
On June 29, 2017, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. In their answer, the defendants alleged several affirmative defenses, including that the action was time-barred. The plaintiff moved, among other things, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them on the ground that the action was time-barred. In an order dated July 26, 2018, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion.
In June 2023, the defendants moved, inter alia, for leave to renew their opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against them, to strike their answer, and for an order of reference and their cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that the newly enacted Foreclosure Abuse Prevention Act (FAPA) rendered the de-acceleration letter a nullity, thereby making the action untimely. In an order dated November 28, 2023, the Supreme Court, among other things, granted leave to renew and, upon renewal, denied those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against them, to strike their answer, and for an order of reference, and granted the defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff appeals.
Contrary to the determination of the Supreme Court, the July 31, 2010 default notice did not accelerate the debt. The language in the default notice, that the mortgage debt would be accelerated if Edmund J. Burns, Jr., did not pay the arrears within 32 days from the date of the default notice, was merely an expression of future intent that fell short of an actual acceleration of the mortgage debt (see Sansone v North Shore Invs. Realty Group, LLC, 218 AD3d 698; Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702; Milone v US Bank N.A., 164 AD3d 145). The mortgage debt was not accelerated until the plaintiff commenced the first action on December 12, 2012, and elected in the complaint to call due the entire loan amount and demanded payment of the outstanding loan in full (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). This action was timely commenced on June 29, 2017, prior to the expiration of the statute of limitations on December 12, 2018. Accordingly, the court erred in granting that branch of the defendants' motion which was for leave to renew their opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against them, to strike their answer, and for an order of reference and their cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court